UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY LEE WISEMANDLE,

    Plaintiff,

v.                                                 Case No.: 2:18-cv-370-FtM-38NPM

EMMANUEL NEOL,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter is before the Court upon initial review of the file. Plaintiff Gary Lee Wisemandle's seeks to proceed i*n forma pauperis* (Doc. 2) on his *pro se* civil rights complaint (Doc. 1). Plaintiff is a convicted and sentenced state prisoner. (*Id*. at 4). Because Plaintiff is incarcerated and seeks leave to proceed *in forma pauperis,* the Court must review his Complaint to decide if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A and § 1915(e)(2)(B)(i)-(iii).

## **BACKGROUND**

Plaintiff filed his claim on the court's preprinted civil rights form. (Doc. 1). The complaint names Dr. Emmanuel Noel as the sole defendant, who Plaintiff identifies as the "doctor" at "Glades County Facility." (*Id*. at 2). Plaintiff did not complete section II of the form titled "Basis for Jurisdiction." (Id. at 3-4). Instead he left this section blank arguably indicating he did not intend to sue under 42 U.S.C. § 1983. Plaintiff also failed to complete

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

section IV of the form titled "Statement of Claim." (*Id.* at 4-5). Thus, the complaint is devoid of any facts. In section V titled "Injuries" Plaintiff states: "Medical malpractice, false diagnosis by a physician, face swollen, kidney failure, stomach damage, heart, liver damage, prostrate damage." (*Id.* at 5). As relief, Plaintiff states he wishes "to sue the staff doctor at Glades County Detention Center for malpractice and false diagnosis for near death" and seeks $2,500,000 in damages. (*Id.*).

## STANDARD OF REVIEW

The standard that governs dismissals under Rule 12(b)(6) applies to dismissals under § 1915. *Alba v. Montford*, 517 F. 3d 1249, 1252 (11th Cir. 2008). However, *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *Id.* The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. Overall, "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. *Id.* at 555. Ordinarily, a *pro se* litigant must be given an opportunity to amend his complaint. *Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir. 2004). However, if an amendment would be futile, the district court may deny leave to amend. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). But the

Court must read a *pro se* plaintiff's complaint in a liberal fashion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

## DISCUSSION

Liberally construed, the complaint alleges a simple medical malpractice claim against Defendant. Simple state-law tort medical malpractice claims are not cognizable in a federal court. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Id.*; *Campbell v. Sikes*, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot support Eight Amendment liability). A "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Thus, because Plaintiff has not stated a cause of action under federal law, and claims based on Florida state tort law does not confer jurisdiction on this Court, dismissal is mandatory.

Because Plaintiff is *pro se*, the Court will allow Plaintiff to file an amended complaint to cure the jurisdictional deficiency. To invoke the jurisdiction of the Court, Plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182 (1936). To impute this Court's jurisdiction for an Eighth Amendment claim, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted

3

with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007); *see also Thomas v. Bryant*, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. 1) is **DISMISSED without prejudice**.

1. If Plaintiff wishes to invoke this Court's jurisdiction, he must file an amended complaint on the enclosed form within twenty-one (21) days of the date on this Order. **Plaintiff's failure to timely file an amended complaint or explain his inability to comply will result in a dismissal of this case without further notice**.

2. Plaintiff's Application for Determination of Civil Indigent Status (Doc. 2) is **DENIED without prejudice**.

3. If Plaintiff files an amended complaint, he must also file a renewed motion to proceed *in forma pauperis* at the same time. Plaintiff need not attach another Financial Certificate or Prisoner Consent Form, as the Court will consider, if necessary, Plaintiff's previously filed documents (Doc. 7; Doc. 8).

4. The Clerk is **DIRECTED** to provide Plaintiff with a blank (a) civil rights form marked "amended complaint" with the assigned case number for his use, if appropriate; and (b) application to proceed in district court *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of December 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record